IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**MARK S. BUCKNER SR.**                                                                 **PLAINTIFF**

**V.**                                           **NO. 3:19-CV-264-DMB-DAS**

**WEST TALLAHATCHIE**
**SCHOOL DISTRICT, et al.**                                        **DEFENDANTS**

## ORDER

Before the Court are two motions to dismiss Mark Buckner's claims against the individual defendants. Docs. #17, #22.

## I
## Procedural History

On November 26, 2019, Mark S. Buckner Sr. filed a pro se complaint[1] in the United States District Court for the Northern District of Mississippi against West Tallahatchie School District and the following individuals: Superintendent Christopher Furdge; Principal Devora Berdin; Business Manager Madalyn Johnson; School Board President Gloria Carter; Board Secretary Tracey Mims; and Board Members Lucinda Berryhill, Cora Hooper, and Marvin George. Doc. #1. Buckner alleged that the defendants violated the Americans with Disabilities Act ("ADA") by terminating his employment after he exhausted his paid and unpaid leave and by denying him accommodations for his disability, and that his termination violated his employment contract. *Id.* at 2, 5. With leave of the Court,[2] Buckner filed an amended complaint against the same defendants

---

[1] The title states that it is an amended complaint but it is the first document filed in this action.

[2] *See* Doc. #7. Buckner sought leave to amend because he "forgot to add with complaint all the exhibits mentioned in the complaint in his effort to file his timely complaint." Doc. #6 at 2. Exhibits are attached to the motion to amend but Buckner failed to attach them to his amended complaint. *See* Doc. #16. However, the Court will consider the exhibits since Buckner is pro se and the exhibits are referenced in the amended complaint. *See Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 286 (5th Cir. 2004) (documents referenced in the complaint may be considered on a motion to dismiss, even when not attached to the complaint).

on January 23, 2020.³  Doc. #16.

On January 27, 2020, the individual defendants filed a motion to dismiss for failure to state a claim.  Doc. #17.  The defendants answered the initial complaint the same day.  Doc. #19.

On February 7, 2020, the defendants filed an answer to the amended complaint, Doc. #23, and the individual defendants filed a second motion to dismiss, Doc. #22.  The February 7 motion to dismiss states that "the arguments set forth in Defendants' original Motion to Dismiss remain applicable," and incorporates the memorandum brief filed with the original motion to dismiss.  Doc. #22 at 1–2.

On March 6, 2020, Buckner filed "Plaintiff Mark S. Buckner Sr's Affidavit of Facts in Support of Defendant(s) Memorandun [sic] Motion to Dismiss for Failure to State a Claim," which in substance is a response opposing the motion to dismiss.  Doc. #24.  Buckner also filed "Plaintiff Mark S. Buckner Sr's Affidavit of Facts in Support of Defendants' Answer to Plaintiff's 2nd Amended Complaint," in which Buckner responds to the defendants' answer.  Doc. #25.  On March 13, 2020, the individual defendants replied in support of their February 7 motion to dismiss.  Doc. #26.

## II
## Standard of Review

"To withstand a motion to dismiss, a complaint must allege more than labels and conclusions, as a formulaic recitation of the elements of a cause of action will not do. It must state a plausible claim for relief, rather than facts merely consistent with liability." *Heinze v. Tesco Corp.*, __ F.3d __, No. 19-20298, 2020 WL 4814094, at *2 (5th Cir. Aug. 19, 2020) (cleaned up). The Court must "accept all well-pleaded facts as true and construe the complaint in the light most

---

³ The December 30, 2019, order allowing amendment instructed Buckner to file his amended complaint within twenty-one (21) days.  Doc. #7.  Buckner did not file his amended complaint until twenty-four days after the order, Doc. #16, but his untimeliness has not been raised by the defendants.

favorable to the plaintiff." *Id.* However, the Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id.*

## III
## Factual Allegations

The School District hired Buckner as a fifth-grade math teacher for the 2016-2017 school year. Doc. #16 at 2. When he was first hired, Buckner was provided with a classroom assistant. *Id.* at 14. Buckner was rehired in the same position for the 2017-2018 school year. *Id.* at 2. However, Buckner no longer had a classroom assistant. *Id.* at 12–13.

Beginning January 3, 2018, Buckner was off work for treatment of his glaucoma. *Id.* at 2; Doc. #6-1 at PageID #69. On April 18, 2018, Buckner received a letter from Superintendent Furdge, notifying him that he "was terminated because their records indicated that [he] had exhausted all of [his] paid leave and unpaid leave, including leave under the Family Medical Leave Act." Doc. #16 at 2. Buckner requested a board hearing about his termination and filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). *Id.* at 2, 6. His termination was reversed and Buckner received a new employment contract for the 2018-2019 school year. Doc. #6-1 at PageID #74.

On multiple occasions during his employment, Buckner submitted written requests asking that he be provided with a classroom assistant "to help [him] with monitoring classroom behaviors" as an accommodation for his disability. Doc. #16 at 14. Buckner filed another EEOC charge on December 11, 2019, asserting that the School District was discriminating against him "by denying [him] reasonable accommodations that [he] needs[s] in the classroom." *Id.*

## IV
## Analysis

The first motion to dismiss seeks dismissal of all claims against the individual defendants

3

asserted in the original complaint. Doc. #17. As the original complaint has been superseded by the amended complaint, the first motion to dismiss is now moot. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading.").

In the second motion to dismiss, the defendants argue that the claims against the individual defendants should be dismissed because individuals cannot be individually liable under the ADA and, even if they could, Buckner's claims were not exhausted. Doc. #22 at 1; Doc. #18 at 4. In response, Buckner argues that his pro se complaint should be construed liberally, Doc. #24 at 2–6; that he exhausted his administrative remedies, *id.* at 2; and that the defendants "only want to focus on the ADA, but ignore[] the claims of breach of contract, denial of accommodation, etc.," *id.* at 6. The defendants reply that despite amendments to his complaint, Buckner "remains unable to prove any set of facts that would entitle him to relief against the Individual Defendants." Doc. #26 at 3.

### A. Individual Liability

The ADA prohibits discrimination by a "covered entity" on the basis of a disability. 42 U.S.C. § 12112(a). "The term 'covered entity' means an employer, employment agency, labor organization, or joint labor-management committee." *Id.* at § 12111(2). "Employer" is defined as "a person engaged in an industry affecting commerce who has 15 or more employees … and any agent of such person." *Id.* at § 12111(5)(A). Although the Fifth Circuit appears not to have addressed the issue of individual liability under the ADA's employment discrimination provisions, courts in this circuit have consistently concluded that:

> in light of a) the similarities between the definition of "employer" in Title VII and the ADA, (b) the similar purposes of the two statutes, (c) the Fifth Circuit's

consistent holdings that individuals cannot be held liable under Title VII in either their individual or official capacities, and (d) the weight of authority outside of the Fifth Circuit, individuals are not subject to liability under Title I of the ADA.

*Franklin v. City of Slidell*, 936 F. Supp. 2d 691, 703 (E.D. La. 2013) (footnote omitted); *see also Lewis v. DBI Servs.*, No. 19-cv-662, 2020 WL 248703, at *3 (W.D. Tex. Jan. 15, 2020) (collecting cases); *Harris v. Clay Cnty.*, 448 F. Supp. 3d 629, 637 (N.D. Miss. 2020).

The individual defendants, who are all administrators or school board members, do not satisfy the statutory definition of employer. Buckner was employed only by the School District. For this reason, Buckner's ADA claims against the individual defendants fail.

### B. Exhaustion of Administrative Remedies

Because the Court has found there is no individual liability under the ADA, it need not address the parties' arguments regarding whether Buckner exhausted his administrative remedies against the individual defendants.

### C. Other Claims

Buckner argues dismissal is not warranted because "the defendant[s] only want to focus on the ADA, but ignore[] the claims of breach of contract, denial of accommodation, etc." Doc. #24 at 6. However, Buckner's claims for "denial of accommodation" are necessarily brought pursuant to the ADA. *See* 42 U.S.C. § 12112(b)(5)(A) (including "not making reasonable accommodations" as discrimination). Dismissal therefore is proper for the same reasons discussed above.

As to Buckner's breach of contract claim, it is not addressed or even mentioned in the defendants' motion to dismiss, memorandum brief, or reply. *See* Docs. #22, #18, #26. Accordingly, it remains pending in this litigation. *See Marak v. Dallas Fort Worth Int'l Airport Bd.*, 124 F. App'x 272, 274 (5th Cir. 2005) (district court's dismissal of claims not included in defendant's motion to dismiss was improper because plaintiff did not have notice that claim may

be dismissed).

V

**Conclusion**

The defendants' first motion to dismiss [17] is **DENIED as moot**. The defendants' second motion to dismiss [22] is **GRANTED in Part and DENIED in Part**. It is GRANTED to the extent it seeks dismissal of the ADA claims against the individual defendants—Christopher Furdge, Devora Berdin, Madalyn Johnson, Gloria Carter, Tracey Mims, Lucinda Berryhill, Cora Hooper, and Marvin George. It is DENIED in all other respects, including as to any additional claims against the individual defendants.

**SO ORDERED**, this 16th day of September, 2020.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**